IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELISSA MCKAMIE                                                               PLAINTIFF

vs.                                  Civil No. 4:14-cv-04100

CAROLYN W. COLVIN                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Melissa McKamie ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

On September 29, 2009, Plaintiff filed her disability applications. (Tr. 244-255). In these applications, Plaintiff alleges being disabled due to a mental illness, bipolar disorder, depression, and anxiety. (Tr. 275). Plaintiff alleges an onset date of April 1, 2008. (Tr. 11). Plaintiff's disability applications were denied initially and again upon reconsideration. (Tr. 89-92).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her applications. (Tr. 125-126). This hearing request was granted, and an administrative hearing was held on March 28, 2011 in Texarkana, Arkansas. (Tr. 63-88). After the hearing, the ALJ denied Plaintiff's disability applications. (Tr. 93-102). After this denial, Plaintiff requested the review of the Appeals Council, and the Appeals Council remanded Plaintiff's case back to the ALJ. (Tr. 106-109). The ALJ then held a second administrative hearing on January 4, 2013. (Tr. 58-62). At that hearing, the ALJ found the record was not complete. *Id.* Thus, the ALJ then held a third and final administrative hearing on May 2, 2013 in Texarkana, Arkansas. (Tr. 28-57).

At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. (Tr. 28-57). Plaintiff, Psychological Expert ("PE") Glenn Sterns, and Vocational Expert ("VE") Michael Garton testified at this hearing. *Id.* On the date of the hearing, Plaintiff testified she was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 33). As for her education, Plaintiff testified she had obtained her GED. (Tr. 34).

On June 25, 2013, the ALJ entered an unfavorable decision. (Tr. 8-22). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2008. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 2008, her alleged onset date. (Tr. 13, Finding 2). The claimant has the following severe impairments: affective disorder, bipolar disorder, anxiety disorder, obsessive compulsive disorder, personality disorder, and a history of substance addiction disorder. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No.

4 ("Listings").  (Tr. 14-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-20, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple routine tasks with no more than occasional contact with supervisors, co-workers, and the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 20, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 20-21, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following: (1) cleaner II with 70,000 such jobs in the nation and 2,000 such jobs in Arkansas; (2) hospital cleaner with 800,000 such jobs in the nation and 3,200 such jobs in Arkansas; and (3) industrial cleaner with 2,000,000 such jobs in the nation and 9,200 such jobs in Arkansas.  (Tr. 21).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined she had not been under a disability, as defined by the Act, from April 1, 2008 through the date of his decision or through June 25, 2013.  (Tr. 21, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council.  (Tr. 7).  On July 18, 2014, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-3).  On August 12, 2014, Plaintiff

filed her Complaint in this matter.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on August 12, 2014.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 10-11.  This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following claims: (A) the ALJ erred by finding her impairments did not meet the requirements of Listings 12.04, 12.06, and 12.08; and (B) the ALJ erred in discrediting the opinions of her treating physicians. ECF No. 10. The Court will address both of these arguments for reversal.

### A.      Listings 12.04, 12.06, and 12.08

Plaintiff argues her impairments meet the requirements of Listings 12.04, 12.06, and 12.08. ECF No. 10 at 15-19. Listings 12.04 (affective disorders), 12.06 (anxiety-related disorders), and 12.08 (personality disorders) each have specific criteria that must be met for Plaintiff to qualify as disabled under one of them. Plaintiff has the burden of demonstrating her impairments meet the requirements of any one of these. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing"). Here, Plaintiff has not demonstrated her impairments meet all the requirements of any one of these Listings.[2]

Because Plaintiff has the burden of demonstrating her impairments meet the requirements of these Listings, the Court will not engage in speculation as to whether those requirements might be met. Thus, the Court will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" a social security appellant's conclusory assertion that the ALJ failed to consider whether he met the Listings where the appellant provided no analysis of the relevant law or facts).

### B.      Plaintiff's Treating Physicians

Plaintiff claims the ALJ erred in discrediting the findings of her treating physicians. ECF No. 10 at 19-20. Specifically, Plaintiff claims the ALJ did not give "good reasons" for discounting their opinions. *Id.* In this briefing, Plaintiff does not state which opinions from which treating physician were improperly discounted. *Id.*

---

[2] Instead, in her briefing, she merely provided how she might meet the requirement of one subpart (Subpart B) on each of the Listings.

Upon review of Plaintiff's briefing, it appears she is referencing the report by her treating physician, Dr. Oladale Adebogun, M.D., who completed a nine-page checklist report wherein he states the limitations he believes Plaintiff has. (Tr. 501-511). In this report, Dr. Adebogun reported Plaintiff suffered from a number of severe limitations and could not work an eight-hour day on a regular basis. (Tr. 511).

Despite Plaintiff's claim, in his decision, the ALJ fully considered Dr. Adebogun's findings but decided to discount them for several reasons: (1) his "opinion does not address or separate the impact of the claimant's substance abuse[3]"; (2) his "statement provides no analysis of the functional limitations and how they lead to the conclusion [he reached]"; and (3) his "statement does not reference objective clinical observations or narrative treatment notes to support the opinion." (Tr. 20). The Court finds these are "good reasons" for discounting Dr. Adebogun's findings. Thus, the Court finds no basis for reversal on this issue.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of May 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] Plaintiff has a "long history" of cocaine and alcohol use and "would go on binges spending money on drugs." (Tr. 17).